C. Anthony Hughes SBN: 250998
1395 Garden Highway, Suite 150
Sacramento, CA 95833
Ph:   (916) 485.1111
Fax:  (916) 720.0255
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | | |
|---|---|---|
| **In re:** | ) | Case No. 2014-22186-E-11 |
| | ) | Chapter 11 |
| | ) | Docket Control No.: CAH-001 |
| **HOLISTIC ANIMAL CARE SERVICES, INC. A NEVADA CORPORATION** | ) ) ) | **STATUS REPORT** |
| | ) | Status Conference set for hearing on |
| | ) | **April 16, 2014 at 2:30 P.M.** |
| | ) | Dept: E |
| **DEBTORS,** | ) ) | |
| | ) | Judge: Hon. Ronald H. Sargis |

Debtor, Holistic Animal Care Services, Inc., a Nevada Corporation through C. Anthony Hughes, Esq., submit the following Status Report. This report is being filed 3 days late due to the principal managing member of Debtor being out of the country and delay in reviewing the information before filing to ensure accuracy.

**1) General History and Background of Debtor**

Debtor is managed and operated by sole managing member of Debtor, Carole Baird ('Carole"). Carole has been in the general business of animal services of over 20 plus years. She has raised and sold puppies for many years and assisted a family member operate her Dog Boarding Facility, "The Dog Lodge", in Mountain View, California.

In 1988, Carole purchased a Horse Boarding Facility in Clayton., California, then moved to Martinez, California, again boarding, training, breeding horses. In 1995, Carole returned to college and graduated as a Registered Nurse.

In 2005 Carole leased a Dog Boarding Facility, Kings Court Kennels, in Carmichael, California. Carole was the owner/operator of that business until her lease expired in 2009.

In September of 2006 Carole purchased Creekside Pet Resort, Sacramento, California, the property location at issue in this Chapter 11 case located at 5441 Hackberry Lane, Sacramento, California 95841 (the "Property"). Carole paid $1,400,000.00 for the Property. At the time of purchase, Carole questioned the seller's broker about writing two separate contracts, one for the business and one for the real estate as Prop 1 uses the purchase price to determine property taxes.

The sellers broker stated to Carole "do not worry, you just have to show the county the prior owners tax return, which differentiates the real estate and the going concern." Carole relied on, so they wrote one contract for the entire amount of $l,400,000.00.

In 2009 Carole focused on the facility, making improvements, grooming, training, and administering the financial business. The facility has flourished, has excellent reviews from clients, and is organically positioned in the first: or second listing on Google searches, and is recommended by all the veterinarians in a 15 mile radius from the facility. They also have happy client referrals and experience much advertising by word-of-mouth.

**Reasons for Filing this Chapter 11**

Carole originally filed a personal chapter 13 bankruptcy on October 22, 2013, Case No. 2013-33618, assigned to Honorable Michael S. McManus. The Law Office of Stephen J. Johnson is currently representing Carole in this matter. The case was voluntarily converted to a chapter 7 on November 4, 2013. The chapter 13 was originally filed to stop a trustee sale initiated by the secured holders of the promissory note on the Property due to the looming property tax issues and delinquency and impending foreclosure by

the County for the unpaid taxes. The total unsecured debts in this case were recently paid in full in the amount of $1,219.00 to the sole creditor, Wells Fargo Bank, N.A. The only other debt listed was for the unpaid property taxes on the Property.  A notice of related cases is being filed concurrently with this status report.

The property tax issue is what brings us here today. The facility was assessed at $1,400,000.00, despite providing the prior owners IRS tax returns. In 2007 Carole hired a Commercial MAI appraiser to evaluate the property and attend the County's Appeal Hearing. This appraiser used three different methods of appraisals and all three valued the real estate at approximately $700,000.00. Carole paid this appraiser for his expertise in his field, the cost was $25,000.00. The county refused the appraisal, and reduced the value by $100,000.00, then added penalties to this amount. In 2010, Carole's broker, Richard Vida (Mr. Vida) contacted the county and over time the assessment was reduced to $800,000.00 for two of the recent years, with the assurance by the county that reductions would continue to reflect the proper assessment amount, all the way to back to 2006. Carole was also assured and relied upon Mr. Vida's expertise in the matter, which the reductions would continue to 2006. That was not the case. The county refuses to reduce years prior to 2010, despite the burst of the housing bubble, the massive reductions in real estate in general, the recession and actual evidence by appraisers and a real estate Broker who has been in business for 40 years. Mr. Vida has written letters to the county acknowledging the error of failing to produce separate contracts for the real estate and business. The county continues to refuse further- reduction, add penalties, and bases the interest on the highest amount I owed, even though Carole have paid them $60,000.00 in the last two years. With all the assurances that the county would do the" right thing, Carole believed and relied on this information and continued to spend money on improvements. Carole attended dog grooming seminars, dog training seminars, became certified in Animal Acupressure, and homeopathic remedies for dogs, among other things. The business has no debt to pet product suppliers or vendors, or anyone else. There are no critical deferred maintenance issues or repairs. Carole could easily handle a payment plan to the county, even though it is assessed incorrectly.

**2) Type of Plan**

a.  Debtor plans on filing their Plan and Disclosure statement prior to the Status hearing on April 16, 2014. The plan will provide payment to the Property taxes over the plan period and to the general unsecured class. Debtor will not be impairing or cramming down the first lien on the Property.

**3) Cramdown**

a.  Debtor anticipate that all classes will vote in favor of the Plan under 11 U.S. C. § 1129(a)(8. However, Debtor is also prepared to confirm a Plan under 11 U.S. C. § 1129(b) with the consent of the general unsecured class.

**4) Valuation of Assets**

Debtor does not anticipate in filing any valuation motions in this case.

**5) Cash Collateral and Adequate Protection**

a.  There is no cash collateral at issue in this case because there is no rental income being generated until confirmation of a chapter 11 plan. The business tenant of Debtor makes its payments direct to the lender and payments are current.

**6) Adversary Proceedings**

a.  None anticipated.

**7) Environmental Issues**

a.  None anticipated.

**8) Objections to Claims**

a.  None anticipated.

**9)   Post-Confirmation Sale of Assets**

a.   None anticipated.

**10)   Anticipated Professional Fees**

a.   Regular attorney fees going forward will apply.  As an individual Chapter 11 case that includes:

- Preparing debtors disclosure statement and plan

The attorney fees are likely to be around $10,000 in total, absent litigation from the first position voluntary lien on the debtor's property.

An Ex-parte motion to employ C. Anthony Hughes will be filed before the status hearing. Principal for Debtor, Carole Baird has been out of the country and we are still awaiting signatures. Debtor will manage their own accounting and do not anticipate the need to employ an accountant, at this time.

**11)   Small Business Debtor**

a.   Debtor is not designated as a Small Business Debtor because he is not involved in business within the definition.  Debtor is in the owner of the real property which is leased to a business which is not debtor.

Dated: March 24, 2014                    By:    /s/  C. Anthony Hughes
                                                C. Anthony Hughes, Esq.
                                                Attorney for Debtors